HOUSTON & GILLESPIE *vs.* SADLER, et al.

S. & P.
4sp 130
f123 537

1. Where proceedings, to try the right to property levied on under an execution, are pending, and the plaintiff files a bill in Chancery, to subject such property, as trust estate, to the payment of the same debt; he can not be forced to elect which remedy he will pursue, until he has had the benefit of the defendant's answer.

On the 14th day of September, 1830, the plaintiff in error filed a bill in Chancery, against the defendants, in Morgan Circuit Court. The bill stated, that, on the 23d day of January, 1826, the plaintiffs became the assignees, for valuable consideration of a promissory note, executed by the defendants, Isaac and Mary Sadler, to one Anne P. Rossel. That the purchase of the note had been induced from the fact, that the note was given for the purchase of real estate; and because signed by the said Isaac and Mary, who had entered, previously, into a marriage contract—whereby considerable property had been conveyed in trust, to one Wallace, for the use and benefit of the said Mary. That the said land was subsequently sold, under the said deed, by the trustee, for the benefit of said Isaac and Mary, and at their request. That the complainants frequently ap-

plied to said defendants, for payment of the said note, who promised it should be discharged. That, on the failure to do so, the complainants prosecuted suit against the defendants, and recovered judgment against Isaac Sadler, on the note.    That several executions had issued on the said judgment; but, in consequence of the insolvency of Sadler, except as to the trust property, the said executions were ineffectual. That, subsequently, the complainants being informed that a certain horse. (worth only one fourth part of the complainants' claim,) had been received, in part payment for the said land, so sold under the trust deed, they procured a levy of execution upon it.    That, before the sale of the horse, Wallis, the trustee, preferred a claim to it, the trial of which was then pending.    The complainants, therefore, prayed the interference of the Chancellor, in subjecting the trust property to the payment of the judgment.

After subpœna, executed upon Isaac and Mary Sadler, and Wallis, the trustee, and before answers, the Chancellor rendered a decree, ordering, that the complainants elect, whether they would pursue the Chancery suit; or continue the proceedings to try the right, under the claim at law.

The complainants having, under the order of the Chancellor, elected to proceed at law, and dismissed their bill—took a writ of error, and brought the case into this Court, for revision.

*Thornton*, for the plaintiff in error, contended that the only question was, whether the Court below should have compelled the complainants to dismiss the bill, or, in other words, have compelled them to elect

between this cause and a common law case, which was a trial of the right of property, upon a claim of the property by Wallis. There was no such case presented to the Court below, as to require the application of the doctrine of election of causes. Isaac Sadler, against whom a judgment at law had been obtained on the bond signed by him and his wife, Mary Sadler, was clearly liable to suit as a co-obligor; and of course execution was proper of his goods and chattels. After a levy of said execution upon a horse, as his property, Wallis claimed the property, as being the trust fund created by a marriage contract between Isaac and Mary, of which he was trustee. Whilst that trial of the right of property was pending and undetermined, Houston & Gillespie, knowing that their debt was a just charge, as well upon the trust fund as upon Isaac individually; and knowing too, that even if the claim of the trustee should fail, that the property levied on, would be insufficient to satisfy their judgment, filed the bill dismissed, against Isaac, Mary, his wife, and Wallis, the trustee, to subject the trust fund to the payment of the said debt. Now surely they had a right to pursue the trust fund, by bill in chancery, if the facts set forth in the bill, were true, as well as to pursue Isaac individually, on the same claim. There could have been but one satisfaction, it is true, but evidently they could pursue the different parties, who may be liable, at the same time, especially as they could not be united in one suit at law. The Court below, in imposing an election, must have undertaken to determine, that the property levied on and claimed by Wallis, was the trust property, and not Isaac's; for if it was Isaac's, the complainants had a

right to levy it, and also to pursue at the same time the other source of satisfaction in the trust fund.— In no point of view ought the plaintiffs in error to have been driven to the alternative of abandoning one or the other of these suits. The parties in the two suits were different, and the questions to be decided were different. In the trial of the right of property, the question of the liability of the trust property to pay the debt, could not arise, which was the main point to be contested in the chancery suit. The only question in the common law case was, whether the horse was, or was not I. Sadler's; whereas the bill in chancery sought to subject the trust property to the satisfaction of the claim. The decision of the trial of the right of property in favor of the complainants (i. e. of plaintiffs) would have resulted in only a partial satisfaction of the execution; and the chancery suit would still have been necessary. If it had been decided against them, the necessity of the chancery suit would have been indispensable. The only sensible ground upon which a party should be driven to an election, is, that he is harrassing a defendant with two suits, for the determination of the same right—this was any thing else, than such a case. But in truth there was no suit pending at common law, and so no ground for the order to elect. The claim to the property by which the execution against Sadler was suspended, is not such a suit as must exist to justify the order to elect. It is in truth instituted by the claimant: all that the plaintiff in execution can do towards arresting it, is to consent to the withdrawal of the claim, which he ought not to be forced to do, until his judgment is

either satisfied or reversed. This bill was dismissed without considering its merits, upon an application of a principle which does not arise from the state of litigation between the parties, and the chancery cause should be reinstated for full investigation, even upon that ground, if not for the other reasons. There is one reason which is conclusive against the order to elect in this case, viz: the defendants, have not answered, and that answer must first be filed—see 3 P. Wms. 90; 1 Vesey & Beans 880; 4 John. C. R. 84—*Rogers* vs. *Vasburg* Coop. Pl. 275 — Against the order to dismiss the bill, see 3 John. Ch. R 227.

*Huchison, contra,* insisted — that the Chancellor was compelled to decree an election, because, it was apparent, that the proceedings pending at law, were in reference to part of the trust property. The complainants, aware that their remedy would be more complete in Chancery, filed their bill ; but, in doing so, still retained their chance at law.

Now, a decree, if awarded by the Chancellor, in favor of the complainants, must have subjected the trust property : and how could that subjection be made, while part of it was under levy at law, and a trial of a claim to it, by the trustee, yet pending. It was no case of concurrent jurisdiction, because, each remedy, if perfected, would have been complete, of itself, without the aid, so far as the trust property was concerned, of the other Court.

If the claim of the trustee, upon that part of the trust property, levied on by execution at law, was il-

legal, then it was illegal, as to all: and the execution might well have been levied upon all.— 1 Ves. jr. 91 ; 3 Ves. & Bea. 9 ; 19 Ves., jr. 277 ; 4 Hen, & Munf. 415.

As respects the answer, no benefit could have accrued to the complainants, from it, and, therefore, it it was not essential.—4 Johns. Ch. R. 84. And, if necessary, it was waived below.

Lipscomb, C. J.—In this case, the complainants had recovered a judgment at law, against Isaac Sadler, for about three hundred dollars, on a promissory note, given by him a.d his wife, Mary Sadler, to Anne P. Rossel, and by her indorsed to the complainants. An execution was sued out, and levied on a horse, which was claimed by Wallis, as trustee, for the benefit of Mary Sadler; and an issue was made up to try the right of property. Pending the issue, the complainants filed their bill in Chancery, setting out, that a marriage contract had been entered into between Sadler and his wife, and Wallis constituted trustee, to whom certain property, belonging to Mary Sadler, the wife, had been conveyed, in trust, for her use.

The bill states, that the note, on which the judgment at law was recovered, was given in consideration of a tract of land, purchased by Sadler and his wife, and that the titles had been made to the trustee ; that the land was afterwards sold by Sadler and wife, and the trustee, Wallis ; and that the horse, levied on, was received in part payment. It recites, from the marriage contract, a schedule of the property conveyed in trust, to Wallis. The bill seeks to subject the trust property to the payment of the

complainants' debt; but it does not seek to charge the horse, as a part of the trust property. It, however, alleges, that, if the horse should be found subject to their execution, it will not satisfy more than one-fourth thereof.

The Chancellor, on motion, before the answer was filed, ordered the complainants to make their election, whether to proceed with their suit in Chancery, or to prosecute the trial of the issue, made up, to try the right of property, in the horse levied on.— The complainants, reserving exceptions to the order dismissed their bill. The correctness of the order, requiring the complainants to elect, is now brought up, for revision.

The complainants had a right to insist, that the horse was no part of the trust property, and was subject to their execution. If this was the case, there would have been no impropriety in their running their execution against it, for satisfaction, as far as it would go; and, at the same time, seeking to satisfy the balance, from the trust property.

The judge, in assuming that the horse was trust property, as he must have done, and ordering them to elect, deprived them of the privilege of shewing, that it was the separate property of Sadler.

But if it is admitted, that the two proceedings were seeking to subject the same property to the satisfaction of one and the same debt. Yet, the complainants ought not to have been called on to elect, until after the coming in of the defendants' answer.— The complainants were entitled to the benefit of all the information the answer could supply, in making their election.

HOUSTON & GILLESPIE *vs.* SADLER, et al.

This doctrine is expressly recognised, in *Jones* vs. *The Earl of Strafford*,[a] by the Lord Chancellor *King*, [a 3 Pr. Wms] and the Chief Justice, *Lord Raymond.* So in Vezey & Beams, 380; and the same in 4 Johns. Ch. R. 84: and it is now believed to be well settled.

The decretal order of the Chancellor, dismissing the complainants' bill, must be reversed, and the cause remanded, at the cost of the defendants.